IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DEBRA HELTON,**<br><br>  Plaintiff,<br><br>v.<br><br>**THE GEO. D. WARTHEN BANK,**<br><br>  Defendant. | Civil Action No.<br><br>5:21-cv-00404-MTT |

**SCHEDULING AND DISCOVERY ORDER**

The parties held a Rule 26(f) conference on February 7, 2022.  In accordance with the Court's Rules 16 and 26 Order dated January 19, 2022 (Doc. 7), the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I.      Nature of the Case:**

This case is brought by Plaintiff Debra Helton concerning her former employment with Defendant The Geo. D. Warthen Bank.  Specifically, Plaintiff claims that Defendant terminated her employment based on Plaintiff's age and her sex, including stereotyping based on sex, in violation of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act, respectively.  Defendant denies Plaintiff's allegations.

**II.     Counsel of Record:**

The following individually-named attorneys are designated lead counsel for the parties:

| | |
|---|---|
| Kenneth E. Barton III<br>Cooper, Barton & Cooper, LLP<br>170 College Street<br>Macon, Georgia 31201<br>T: (478) 841-9007<br>F: (478) 841-9002<br>E: keb@cooperbarton.com<br>*Lead Counsel for Plaintiff* | John D. Bennett<br>Freeman Mathis & Gary, LLP<br>100 Galleria Parkway, Suite 1600<br>Atlanta, Georgia 30339-5948<br>T: (770) 818-0000<br>F: (770) 937-9960<br>E: jbennett@fmglaw.com<br>*Lead Counsel for Defendant* |

**III.    Complaint and Answer filing dates:**

  Complaint was filed: November 11, 2021

  Answer was filed: January 10, 2022

**IV.    Discovery Deadlines:**

    A.    <u>Time for Discovery</u>

        The time for discovery in this case shall expire August 17, 2022, that being no more than 180 days after the submission of the Proposed Order to the Court.

        If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

    B.    <u>Scope of Discovery</u>

The following is a list of the subjects on which discovery may be needed:

        1.    Plaintiff's former employment with Defendant, including her performance, compensation and benefits, disciplinary actions taken against her, and Defendant's termination of Plaintiff;

        2.    Defendant's employment and personnel policies and practices;

        3.    Disciplinary actions, including terminations, that Defendant has previously taken against other employees;

        4.    Efforts taken by Defendant to seek a replacement for Plaintiff's former position, including the qualifications of any such person(s) who received an offer of employment for said position; and,

        5.    Plaintiff's efforts to seek prospective employment after Defendant terminated her employment.

        6.    The claims and defenses set forth in the Complaint and Answer.

        The parties <u>do not</u> request at this time that discovery be conducted in phases or be limited to or focused on any particular issues.

    C.    <u>Electronically Stored Information</u>

        The parties believe that all relevant ESI is in the possession of the parties and can be searched and produced by the parties in response to requests for the production of documents to be served in discovery. The parties have agreed that ESI and other documents may be produced in PDF format (albeit separated by individual documents, rather than large PDF's of multiple documents) and need not be

produced in native format unless requested for specific documents based on a need for such documents in native format. The parties currently do not anticipate any issues regarding the costs of production of electronic discovery, as the amount of electronically stored information is expected to be minimal. The parties have agreed to instruct their clients to take all reasonable measures necessary to preserve all electronically stored information relevant to the claims and defenses in this matter. No metadata shall be removed from any electronic or digital evidence.

D. **Privilege Claims**

The parties do not anticipate any unusual or complex privilege issues, but will work in good faith to amicably resolve any such issues should they arise. The parties agree to produce a privilege log for any materials that are responsive to discovery requests, but which are withheld from production on the basis of the attorney-client privilege and/or work product doctrine.

E. **Witnesses to be Deposed**

Plaintiff intends to depose the following listed witnesses:

1) Ken Bibb, Defendant's President;

2) Lamar Doolittle, Defendant's Chief Operations Officer;

3) Karen Wilson, Defendant's Human Resources Manager; and,

4) Ashley Haynes, Defendant's Loan Operations Supervisor.

Defendant intends to depose the following listed witnesses:

1) Plaintiff; and

2) Any witnesses with whom Plaintiff or her counsel have communicated regarding the facts of this matter.

F. **Expert Witnesses**

The Plaintiff must disclose expert witnesses and provide appropriate expert reports on or before May 19, 2022, that being no more than 90 days after the submission of the Proposed Order to the Court.

The Defendant must disclose expert witnesses and provide appropriate expert reports on or before Saturday, June 18, 2022, that being no more than 120 days after the submission of the Proposed Order to the Court.

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Expert reports may not be supplemented without the consent of all parties or leave of Court.

G.  **Discovery Limitations or Need for Protective Order**

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

The parties may execute and submit a consent protective order to limit the use and disclosure of confidential and proprietary information disclosed during discovery.

G.  **Discovery Disputes**

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Kim Tavalero, Courtroom Deputy (Kim_Tavalero@gamd.uscourts.gov) to request a telephone conference with the Court. When contacting the Courtroom Deputy, the email should include a concise statement of the issue(s) and a summary of each party's position.

V.  **Time for Filing Motions:**

A.  **Motions to Amend the Pleadings or to Join Parties**

All motions seeking to amend the pleadings or to join parties must be filed no later than April 19, 2022, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

B.  **Dispositive Motions**

All dispositive motions must be filed no later than September 16, 2022, that being no more than 30 days after the expiration of discovery in this case.

C.  *Daubert* **Motions**

All *Daubert* motions must be filed no later than September 16, 2022, that being no more than 30 days after the expiration of discovery in this case.

VII. **Certification of the Parties and Counsel:**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 18th day of February, 2022.

| | |
|---|---|
| /s/ Kenneth E. Barton III | /s/ John D. Bennett |
| Kenneth E. Barton III | John D. Bennett |
| Georgia Bar No. 301171 | Georgia Bar No. 059212 |
| Emily M. Walker | Travis M. Cashbaugh |
| Georgia Bart No. 221826 | Georgia Bar No. 308162 |
| Cooper, Barton & Cooper, LLP | FREEMAN MATHIS & GARY, LLP |
| 170 College Street | 100 Galleria Parkway, Suite 1600 |
| Macon, Georgia 31201 | Atlanta, Georgia 30339-5948 |
| T: (478) 841-9007 | T: (770) 818-0000 |
| F: (478) 841-9002 | F: (770) 937-9960 |
| E: keb@cooperbarton.com | E: jbennett@fmglaw.com |
| | tcashbaugh@fmglaw.com |

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED,** this 18th day of February, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT