IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEBRA HELTON,<br><br>    Plaintiff,<br><br>v.<br><br>THE GEO. D. WARTHEN BANK,<br><br>    Defendant. | Civil Action No.:<br><br>5:21-cv-00404-MTT |

## **MOTION TO REOPEN DISCOVERY AND TO MODIFY SCHEDULING ORDER**

COMES NOW, Plaintiff Debra Helton (hereinafter, "Plaintiff"), by and through the undersigned counsel, and files her Motion to Reopen Discovery and Modify Scheduling Order, requesting that the Court reopen discovery for a period of 45 days for the limited purpose of taking depositions of lay witnesses, and modify the remaining deadlines in the Court's Scheduling and Discovery Order (Doc. 9) accordingly, respectfully showing the Court as follows:

1.

On February 18, 2022, the Court entered its Scheduling Order providing that discovery in the present action expired on August 17, 2022, that being no more than 180 days after the submission of the Proposed Scheduling Order to the Court. (Doc. 9 at 2.) Subsequently, the parties exchanged their Rule 26 Initial Disclosures, the parties both served and responded to written discovery, Defendant served several subpoenas on third-parties and responses were provided, and Defendant deposed Plaintiff on June 8, 2022.

2.

Plaintiff is not aware of any disputes concerning any of the discovery or responses previously served.

3.

On August 16, 2022, co-counsel for Plaintiff filed her Notice of Withdrawal of Counsel due to her departure from the undersigned's law firm. (Doc. 12.) Prior to co-counsel's departure from the firm, she and the undersigned were the primary and sole members of the firm's labor and employment practice group. As a result of former co-counsel's departure, the undersigned's workload has increased dramatically, which has been a particular challenge for litigation proceedings that require the undersigned to appear in-person, such as with hearings and depositions. This became even more of a challenge during the last several weeks of the discovery period in this case as the undersigned was away from the office for nearly two weeks staffing a conference for a national youth organization.

4.

The instant Motion is the first request by either party to extend or reopen discovery.

5.

On August 18, 2022, Plaintiff advised Defendant of her intent to file a motion seeking to reopen and extend discovery. Defendant expressed its intent to oppose the instant Motion.

6.

"[A] motion to reopen discovery ultimately constitutes a modification of the Scheduling Order and is evaluated under Federal Rule of Civil Procedure 16(b)." *Tiya v. State Farm Fire & Cas. Co.*, 2014 WL 12069849, at *1 (N.D. Ga. Nov. 20, 2014) (cleaned up). Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. Although Rule 16 does not define good cause, the Eleventh Circuit has held that "good cause exists if the schedule cannot reasonably be met despite the

diligence of the party seeking the extension." *Green Island Holdings, LLC v. Brit. Am. Isle of Venice (BVI), Ltd.*, 521 F. App'x 798, 800 (11th Cir. 2013).

7.

Good cause exists here because the parties exchanged written discovery relatively early within the discovery period and there have been no major disputes concerning discovery in this action. For Plaintiff, the circumstances involving the departure of co-counsel, and particularly the resulting difficulties in scheduling and deposing witnesses, should be seen to constitute good cause.

8.

Other factors also support granting Plaintiff's Motion. Presumably, Defendant is process of preparing its motion for summary judgment, which is current set to be due on September 16, 2022. (Doc. 9 at 4.) If the instant motion is granted, Defendant would be given additional time to prepare such motion, and assuming that Plaintiff is permitted to depose one or two witnesses, Defendant should not be required to make substantial changes or revisions to said motion. As a result, Plaintiff submits that Defendant will suffer no prejudice if the instant Motion is granted.

9.

Moreover, Plaintiff advised Defendant of her intent to seek to reopen discovery the day after the initial discovery period closed, she is filing the instant motion within several weeks of the close of discovery, and Plaintiff is merely seeking a 45-day extension of the discovery period. As a result, the Court should find that the delay is minimal.

10.

Finally, the parties have acted in good faith throughout discovery, and there is nothing to suggest that Plaintiff is filing the instant Motion for any improper purpose.

11.

The Court should find that Plaintiff has demonstrated good cause under Federal Rule of Civil Procedure 16(b), and as a result, the Court should grant the instant Motion.

WHEREFORE, for good cause shown, Plaintiff Debra Helton respectfully requests that the Court modify the Scheduling Order (Doc. 9) to reopen the discovery period for forty-five (45) days from the date of the Court's order, and reset the remaining deadlines in this litigation by the same period of time.

Respectfully submitted, this 7th day of September, 2022.

                                                    KENNETH E. BARTON III
                                                  Georgia Bar No. 301171
                                                  *Attorney for Plaintiff*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the above and foregoing MOTION TO REOPEN DISCOVERY AND TO MODIFY SCHEDULING ORDER to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following counsel of record, who is/are CM/ECF participant(s):

John D. Bennett, Esq.
Travis M. Cashbaugh, Esq.
Freeman, Mathis, & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
bennett@fmglaw.com
tcashbaugh@fmglaw.com
*Attorneys for Defendant*

This 7th day of September, 2022.

KENNETH E. BARTON III
Georgia Bar No. 301171
*Attorney for Plaintiff*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com