**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DEBRA HELTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE GEO. D. WARTHEN BANK,**<br><br>**Defendant.** | ) | **Case No. 5:21-cv-404-MTT** |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff's day-late response makes no attempt to dispute most, if any, of Defendant's Statement of Material Facts. *See generally* ECF Docket No. 37-1. Instead, Plaintiff merely responds by (1) admitting that she violated Defendant's Personal Finance policy; (2) admitting that she was unprofessional, yelled, cursed, and raised her voice in an unprofessional manner multiple times – even *after* numerous warnings; and finally (3) fails to present any record evidence of either age or sex discrimination. Simply stated, Plaintiff's entire response provides nothing more than excuses for her own egregious personal conduct, coupled with speculation and guessing. Therefore, Defendant's motion should be granted as Plaintiff fails to create a genuine issue of material fact as to any of her claims. Likewise, there is no genuine evidence to support Plaintiff's various *prima facie* cases, to show pretext, or argument of a convincing mosaic.

## I. PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF DOCKET NOS. 36-37) SHOULD BE STRICKEN IN ITS ENTIRETY

As an initial matter, Plaintiff's day late response should be stricken by this Court as untimely. On November 3, 2022, more than one month after Defendant timely filed its Motion for

Summary Judgment (ECF Docket No. 15), this Court denied Plaintiff's motion to "reopen discovery" because it was "clear to the Court that there was **no diligence by Helton's counsel to meet the discovery deadline**." ECF Docket No. 34 at p. 1 (emphasis added). Likewise, this Court recognized that "Helton's counsel failed to *notice, schedule or* ***take a single deposition during the discovery period***…[and] did not request Warthen's consent to reopen discovery until the day *after* discovery closed and did not move to reopen discovery until three weeks *after* discovery closed." *Ibid* at pp. 1-2. The very next day, Plaintiff filed an "Unopposed Motion For Extension" requesting that the Court "clarify and/or extend Plaintiff's deadline to file her response" while also acknowledging that Plaintiff knew that the established deadline to file any response was at the latest November 14, 2022 – more than ten days from the date of the application. ECF Docket No. 35. Regardless of receiving clarity, Plaintiff still missed the filing deadline, and also failed to submit a responsive brief. In its place, and with sufficient notice of the date to file, Plaintiff informed the Court that she would be filing a *superseding* brief later because there was not "sufficient time to proof." ECF Docket No. 36. The brief was subsequently filed a day later. Because of Plaintiff's repeated violations of the Court's scheduling orders and given deadlines, Plaintiff's responsive pleadings should be stricken, and Defendant's Motion for Summary Judgment granted.

## II. PLAINTIFF STILL CANNOT ESTABLISH HER *PRIMA FACIE* CASES FOR AGE OR SEX DISCRIMINATION

Even if Plaintiff's responsive brief and corresponding filings are considered, Defendant's Motion should still be granted as Plaintiff still cannot establish her *prima facie* cases. Indeed, Plaintiff initially tries to establish the fourth prong of her *prima facie* cases, arguing that she was replaced by Ms. Haynes and/or was treated less favorably than Mr. Doolittle and Mr. May. Yet, Plaintiff provides no record evidence to support either argument. *See e.g. Lewis v. City of Union*

*City, Georgia,* 918 F.3d 1213 (11th Cir. 2019); *Maynard v. Bd. of Regents,* 342 F.3d 1281 (11th Cir. 2003).

***a. MS. HAYNES STILL DID NOT REPLACE PLAINTIFF***

Instead of presenting this Court with any record evidence to show that Ms. Haynes was her replacement, Plaintiff opted to pose a few questions to the Court, which she then herself answered. Specifically, Plaintiff first tells the Court that it should "question why Defendant would provide someone with a new, descriptive title, without changing such person's job duties." But in the very next sentence, Plaintiff answers that question by citing to Ms. Haynes' declaration, acknowledging that same is required by the FDIC. *See* ECF Docket No. 37 at pp. 12-13. Plaintiff's question posing continues further in her brief, next asking why "descriptive titles" were given to Ms. Haynes and another employee if an internal committee and a third-party contractor were performing Plaintiff's duties. *See Ibid* at p. 13. But this same question is answered by the exact portion of Ms. Haynes' declaration Plaintiff cited to answer her first question, that "the FDIC requires banks to have a compliance officer." *Ibid* at pp. 12-13. As cannot be reasonably disputed, the FDIC's requirements implemented by Defendant does not mean that Ms. Haynes took over Plaintiff's job duties. Thus, Plaintiff cannot develop the record sufficient "to show that the replacement actually performed [] plaintiff's duties" and therefore, cannot establish that anyone replaced her. *See Hawkins v. Ceco Corp.,* 883 F.2d 977, 982 (11th Cir. 1989).[1]

Of course, in order to establish that Ms. Haynes was actually performing Plaintiff's duties and to survive a motion for summary judgment, Plaintiff cannot simply question repeatedly why Defendant gave a title to an employee. While Plaintiff tries to create some sort of inference, no record evidence establishes that Ms. Haynes was performing Plaintiff's duties, and Plaintiff further

[1] Plaintiff also cites to her own unverified Federal Complaint to claim that she was replaced. *See* ECF Docket No. 37 at 12. Plaintiff's Complaint in this regard is not admissible evidence and should be afforded no evidentiary weight.

does not provide any supporting evidence to dispute that the same duties were contracted out and given to a committee which works with the third-party contractor. *See* Haynes Decl. ¶ 7; Bibb Decl. ¶ 19, Ex. F; Pl. Dep. 147:6- 148:15. Indeed, the record shows that Plaintiff was not replaced and she fails to point to any evidence that would allow either this Court or any reasonable jury to find otherwise. *See also Hogue v. Secretary, U.S. Dept. of the Army*, 718 F. App'x 877, 879 (11th Cir. 2017); *Humphrey v. Napolitano*, 517 F. App'x 705, 708-10 (11th Cir. 2013); *Lilley v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir.1992) ("Spreading the former duties of a terminated employee among the remaining employees does not constitute replacement.").

***b. Mr. Doolittle And Mr. May Are Still Not Comparators***

To determine whether a comparator is similarly situated, the 11th Circuit instructs trial courts to consider whether the comparator (1) "engaged in the same basic conduct (or misconduct) as the plaintiff"; (2) has "been subject to the same employment policy, guideline, or rule as the plaintiff"; (3) has "been under the jurisdiction of the same supervisor as the plaintiff"; and (4) "share[d] the plaintiff's employment or disciplinary history." *Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019).

Plaintiff, just as she did in her replacement argument, presents insufficient evidence to support a finding that either Mr. Doolittle or Mr. May are "similarly situated in all material respects." Indeed, Plaintiff admits that it would "be an uphill battle to show that Defendant's president was similarly situated" and that the "question of comparators…is not quite simple." ECF Docket No. 37 at p. 13. Thus, the only evidence Plaintiff relies upon are the scarce allegations via two unsworn emails solicited by Plaintiff that claim Mr. Doolittle and Mr. May each used an unprofessional tone in the workplace one time (if the emails are to be believed). Yet, Plaintiff was accused by three different co-workers in a seven-month period of yelling, cursing, and/or raising

her voice in an unprofessional manner, with every single one of these incidents coming to Mr. Bibb's attention. There is no such comparable evidence as to Mr. May or Mr. Doolittle, nor is there a record of Mr. Doolittle's alleged comment following prior repeated warnings. As for Mr. May, who left the company almost a decade before Plaintiff's termination, there is similarly no evidence of a repeated pattern. *See* ECF Docket No. 25 at 185:15-19.

However here, Plaintiff not only (1) was counseled multiple times, (2) admitted that her conduct was unprofessional, and (3) admitted that she has an attitude problem, but she also was the only employee who admitted to violating the Personal Finance policy multiple times. Combined, all of the above conduct goes well beyond any alleged unprofessional workplace behavior by any purported comparators. Even if Plaintiff, Mr. Doolittle, and Mr. May were all in the exact same position, which they were not, Plaintiff's conduct was objectively far more serious. Thus, Plaintiff cannot establish via record evidence that Mr. Doolittle or Mr. May engaged in the same basic conduct (or misconduct) as the plaintiff sufficient to establish either as a comparator to save her *prima facie* cases of sex or age discrimination. *See e.g. McCreigh v. Auburn Bank*, 2022 WL 2541127, *5 (M.D. Ala. July 7, 2022). Therefore again, Plaintiff cannot establish the fourth prong of her *prima facie* case and her claims should be dismissed with prejudice.

## III. PLAINTIFF STILL CANNOT ESTABLISH PRETEXT

Notwithstanding that Plaintiff has waived her ability to argue otherwise, Plaintiff cannot point to record evidence that would establish pretext in order to survive the instant motion. "Finally, should the defendant carry its burden, the plaintiff must then demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination, an obligation that "merges with the [plaintiff's] ultimate burden of persuading the [factfinder] that she has been the victim of intentional discrimination." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1221

(11th Cir. 2019)(internal citations omitted).

"Federal courts "do not sit as a super-personnel department that reexamines an entity's business decisions...Rather our inquiry is limited to whether the employer gave an honest explanation of its behavior." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000)(citing *Elrod v. Sears, Roebuck & Co*., 939 F.2d 1466, 1470 (11th Cir.1991). A reason is not a pretext for discrimination "unless it is shown both that the reason was false, and that discrimination was the real reason." *Hogue*, 718 F. App'x at 879 (11th Cir. 2017)(internal citations omitted.) Pretext may be shown if the plaintiff demonstrates "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Ibid.*

Here, Plaintiff failed to address the pretext stage of the *McDonnell-Douglas* framework in her brief, seemingly acknowledging that she cannot show any evidence of pretext. Nevertheless, Defendant incorporates by reference the arguments made in opposition on pp. 14-18 of its moving brief to the instant reply brief. *See* ECF Docket no. 17-1 at 17-21. Therefore, Plaintiff cannot demonstrate any record evidence that would suggest Defendant's legitimate, non-discriminatory termination reasons – her repeated unprofessional workplace behavior and numerous violations of the Personal Finance Policy - are false or that discrimination was the real reason.

## IV. PLAINTIFF STILL CANNOT ESTABLISH A CONVINCING MOSAIC

As has been established, a "convincing mosaic" can be broken down into three categories of circumstantial evidence that Plaintiff must show in order to avoid dismissal: "(1) suspicious timing, ambiguous statements, similar behavior directed at other members of the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn; (2) systematically better treatment of those outside the protected class; and (3) pretext in the

employer's justification." *Robertson v. Riverstone Communities, LLC*, No. 1:17-CV-02668-CAP, 2019 WL 3282991, at *6 (N.D. Ga. July 22, 2019) (quotation marks omitted). "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow **a jury to infer intentional discrimination by the decisionmaker.**" *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022)(internal citations omitted)(emphasis added).

Here, Plaintiff repeatedly claims "suspicious timing" is an "easily met" factor, but she fails to point to any evidence of intentional discrimination beyond mere speculation. Neither Plaintiff's sex nor her age changed overnight. Further, the conduct which led to her termination – which she has admitted to – did not result in her immediate termination because Mr. Bibb "chose not to directly punish her" and instead hoped that she would "realize the email was directed at her and that she would never again make a similar mistake." ECF Docket No. 15-4 at ¶8. A Plaintiff not being fired immediately for one policy violation after 30 years does not mean she was then discriminated against once she is fired for violating that same policy *again and again thereafter*. Actually, Mr. Bibb's decision to let Plaintiff continue to work despite admitting to making unauthorized changes to hers and her families' bank accounts and after receiving numerous complaints about Plaintiff's behavior shows that he was willing to continue to give Plaintiff chances. Her chances simply ran out. Her sex and age had nothing to do with her own admitted unprofessional and financially unethical behavior.

## V. CONCLUSION

As outlined in Defendant's moving brief, Plaintiff has no evidence of sex or age discrimination. Therefore, Defendant respectfully submits that summary judgment be granted, and Plaintiff's complaint be dismissed with prejudice.

Respectfully submitted on December 13, 2022.

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

*/s/* Alyssa K. Peters
ALYSSA K. PETERS
Georgia Bar No. 455211

577 Mulberry St., Suite 710
PO Box 1975
Macon, GA 31202
(478) 750-8600
apeters@constangy.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing Reply Brief In Support Of Defendant's Motion For Summary Judgment via the CM/ECF filing system:

Kenneth E. Barton III
Cooper, Barton & Cooper, LLC
170 College Street
Macon, Georgia 31201
keb@cooperbarton.com

Respectfully submitted on December 13, 2022.

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

*/s/* Alyssa K. Peters
ALYSSA K. PETERS
Georgia Bar No. 455211

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
apeters@constangy.com